IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELROY L. WABASHAW, | ) | 4:14CV3213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, Dir, NDCS, | ) | |
| BRIAN GAGE, Warden TSCI, | ) | |
| ROBERT HOUSTON, Former Dir. | ) | |
| NDCS, FRED BRITTEN, Former | ) | |
| Warden TSCI, LT. TREMAIN, | ) | |
| Officers, OFC. HORN, SGT. THEIN, | ) | |
| SGT. LANLEZ, STRANBERG, | ) | |
| TSCI Caseworkers, and ZWEIG, | ) | |
| TSCI Caseworkers, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Elroy Wabashaw ("Plaintiff") filed his Complaint (Filing No. 1) on October 28, 2014. This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint and a later-filed supplemental pleading to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF PLEADINGS

Plaintiff is incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska. He filed his Complaint against numerous current and former employees of the TSP and the Nebraska Department of Correctional Services ("NDCS"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff asserted Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs. Plaintiff later filed a "Supplemental Complaint" in which he named two additional TSP employees and alleged claims of retaliation.

### A. Allegations in Plaintiff's Complaint

On June 4, 2014, another inmate at TSP assaulted Plaintiff. Plaintiff and the other inmate lived in different housing units. Plaintiff explained that prison staff must operate doors between the housing units in order for inmates to move between them. On the day of the assault, Defendants Stranberg, Zweig, and Horn were "responsible for the control and security of the inmate movement in and out of the pods and housing units." (*Id.* at CM/ECF pp. 5, 9.)

As a result of the assault, Plaintiff suffered a fractured right hand, a broken tooth, a concussion, and a bruised chest, face, and rib cage. Plaintiff alleged Defendants Tremain, Thein, and Lanlez observed injuries to Plaintiff's face and hands immediately after the assault, but "never notified medical services to examine plaintiff nor escort[ed] plaintiff to medical for examination." (*Id.* at CM/ECF p. 9.) Plaintiff did not receive "adequate medical attention" until nine days after the assault. (*Id.* at CM/ECF p. 5.)

As relief, Plaintiff seeks money damages in the amount of $1,000,000.00. (*Id.* at CM/ECF p. 6.)

### B. Allegations in Plaintiff's "Supplemental Complaint"

On July 18, 2014, Plaintiff's case manager notified Plaintiff that prison officials received reliable, corroborated information that Plaintiff's safety was threatened. (Filing No. 8 at CM/ECF pp. 3-4.) Based on this information, prison officials placed Plaintiff in protective custody against his will. (*Id.* at CM/ECF p. 4.) Plaintiff alleged prison officials' actions in this regard were retaliatory. Although Plaintiff's allegations are somewhat unclear on this issue, as best as the court can tell, Plaintiff alleged the retaliation was in response to grievances he filed complaining about the

treatment of prisoners housed in the administrative-confinement and intensive-management units.

As relief, Plaintiff asks this court to, among other things, order Defendants to "formulate [a] policy verifying, substantiating reliability, credibility, of confidential informant information." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

3

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

**A.     Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See*, *e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).  Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued state employees and seeks monetary relief.  To the extent he seeks to sue Defendants in their official capacities, the Eleventh Amendment bars his claims for damages.

**B.     Failure to Protect**

Liberally construed, Plaintiff alleged Stranberg, Zweig, and Horn failed to protect him from assault by another prisoner in violation of his rights under the Eighth Amendment.

The Eighth Amendment imposes a duty on prison officials "'to protect prisoners from violence at the hands of other prisoners.'" *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another" translates "into constitutional liability for prison officials." *Id.* Rather, "[t]he duty to protect requires only that prison officials take reasonable measures to abate substantial risks of serious harm, *of which the officials are aware*." *Id.* (internal quotation marks omitted) (emphasis added). Therefore, a constitutional violation exists only if two factors are established: (1) "an objectively serious deprivation," and (2) "a subjectively culpable state of mind" on the part of prison officials. *Id.*

Here, Plaintiff alleged only that Stranberg, Zweig, and Horn were in charge on the day of the attack and they were "responsible for the control and security of the inmate movement in and out of the pods and housing units." (Filing No. 1 at CM/ECF p. 9.) These allegations are insufficient to state a claim against Stranberg, Zweig, and Horn because there are no facts from which an inference could be made that they knew of, and responded unreasonably to, a substantial risk of serious harm from another inmate. Negligence is not enough to establish an Eighth Amendment violation. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997).

On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a plausible Eighth Amendment claim against Stranberg, Zweig, and Horn.

## C.   Deliberate Indifference

Liberally construed, Plaintiff alleged Tremain, Thein, and Lanlez were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A plaintiff must show "prison officials actually knew of but deliberately disregarded" the prisoner's objectively serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). To state a claim of inadequate medical treatment for purposes of § 1983, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106)). "The plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

Here, Plaintiff alleged that, following the attack, Tremain "observed [P]laintiff[']s injuries to his face and took photos" and also observed his "swollen right hand." (Filing No. 1 at CM/ECF p. 9.) Plaintiff also alleged Thein and Lanlez "observed [P]laintiff[']s injuries and helped [him] wash his eyes out due to chemical effects." (*Id.*) Despite observing Plaintiff's injuries, these Defendants failed to seek medical attention for Plaintiff following the assault. (*Id.*)

Plaintiff alleged he suffered a broken right hand, a broken tooth, a concussion, and bruising to various parts of his body. However, he alleged only that Tremain observed "injuries" to Plaintiff's face and a "swollen" hand, and that Thein and Lanlez observed "injuries." He does not set forth facts from which the inference could be

made that Tremain, Thein, and Lanlez knew Plaintiff had *serious* injuries and they failed to seek medical attention. Plaintiff does not, for example, allege he informed Treiman, Thien, and Lanlez that he was in pain and needed medial attention or that his injuries were so obviously serious that a layperson would easily recognize the need for medical attention. See *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481-83 (8th Cir. 2008) (objectively serious medical need either is something diagnosed by physician as requiring treatment, or is so obvious that layperson would easily recognize need for doctor attention; injury is considered obvious where prisoner exhibited physical symptoms relating to known medical issues or complaints of pain; prison official's knowledge may be inferred by circumstantial evidence or fact that risk was obvious).

Moreover, Plaintiff does not allege that he requested medical attention and his request was denied. Rather, Plaintiff alleged that he did not receive what he considered to be "*adequate* medical attention" until nine days following the assault. However, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. See *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a plausible Eighth Amendment claim against Tremain, Thein, and Lanlez.

### D.     Retaliation

Plaintiff raised what appear to be unrelated claims of retaliation in his supplemental pleading. Specifically, he alleges prison officials retaliated against him

7

in response to grievances he filed complaining about the treatment of prisoners housed in the administrative-confinement and intensive-management units at TSP.[1]

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Plaintiff's retaliation claims appear to be unrelated to the Eighth Amendment claims set forth in his Complaint. As already mentioned, Plaintiff will be given an opportunity to file an amended complaint. His amended complaint must set forth only related claims that stem from the same basic events or occurrences. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

### IV. MOTION TO APPOINT COUNSEL

---

[1] The court does not construe Plaintiff's Supplemental Complaint to allege that prison officials retaliated against him because of his allegations in this lawsuit. Indeed, the alleged retaliatory conduct occurred months before Plaintiff filed his Complaint in this case. To the extent Plaintiff intended to assert such a claim, he must so clearly specify in an amended complaint.

Plaintiff seeks the appointment of counsel. (Filing No. 7.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS ORDERED that:

1. Plaintiff shall have 30 days in which to file an amended complaint. Plaintiff must consolidate all relevant claims and allegations into his amended complaint. Failure to consolidate all claims and allegations into one document will result in the abandonment of those claims or allegations. In addition, failure to file an amended complaint within 30 days will result in dismissal of this matter without further notice to Plaintiff.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 20, 2015: Check for amended complaint.

3. The court will conduct further review of Plaintiff's amended complaint, should he file one, to determine whether summary dismissal of the amended complaint is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

4. Plaintiff's Motion for Appointment of Counsel (Filing No. 7) is denied without prejudice.

DATED this 18th day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.