IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELROY L. WABASHAW, | ) | 4:14CV3213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN GAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on review of Plaintiff Elroy Wabashaw's ("Wabashaw") Amended Complaint (Filing No. 10). For the reasons discussed below, the court will dismiss Wabashaw's federal-law claims with prejudice and his state-law claims without prejudice.

## I. BACKGROUND

    The court conducted a pre-service screening of Wabashaw's Complaint (Filing No. 1) and Supplement (Filing No. 8) on February 18, 2015. (*See* Filing No. 9.) The court determined Wabashaw had alleged retaliation claims and Eighth Amendment failure-to-protect and deliberate-indifference claims against the defendants, but that the allegations failed to state a claim upon which relief may be granted. On the court's own motion, the court gave Wabashaw 30 days in which to file an amended complaint.

    Wabashaw filed his Amended Complaint (Filing No. 10) on March 18, 2015. His allegations were similar to those raised in his Complaint and Supplement, but he provided additional facts for the courts review. He alleged that on March 16, 2014, he filed a grievance with prison officials complaining about the general treatment of prisoners housed in the special management unit. (*Id.* at CM/ECF pp. 5, 10.) Months later, on June 4, 2014, an inmate from a different housing unit bypassed "two secured

doors, a control room officer, [and] pod caseworkers undetected" and assaulted Wabashaw. (*Id.* at CM/ECF p. 5.) Wabashaw alleged Defendant Horn was in charge of controlling the pod doors at the time of the assault, and Defendants Stranberg and Zweig "were in charge of unit pod floor operations" at the time of the assault. (*Id.* at CM/ECF p. 6.) Wabashaw alleged he suffered from the following clearly-observable injuries: "fractured hand; broken left front tooth; light concussion; deep bruise to left-side of face; lower jaw; [and] chemical burns." (*Id.*) Wabashaw alleged he waited nine days to receive "adequate medical attention." (*Id.*)

Finally, Wabashaw alleged that on July 18, 2014, prison officials (specifically, Defendants Capps and Halley) forced him into protective custody against his will. (*Id.*) At the time he filed his Amended Complaint, Wabashaw remained in protective custody. He alleged prison officials offered him "no credible documents" to support their decision to place him in protective custody. (*Id.*)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.  Retaliation Claims**

The first question the court will consider is whether Wabashaw alleged a retaliation claim against one or more defendants upon which relief may be granted. To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege:

> (1) that it engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary

> firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.

*L.L. Nelson Enterprise Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 807-8 (8th Cir. 2012) (internal quotation marks omitted).

Wabashaw alleged Defendants Capps and Halley "retaliated against" him by taking steps to place him in protective custody against his will. Although not alleged in the Amended Complaint, Wabashaw allegations in his Supplement suggest that the retaliation was in response to Wabashaw's grievance concerning the treatment of inmates in the special management unit. (Filing No. 8 at CM/ECF pp. 3-4.)

Wabashaw did not allege any facts that would allow the court to draw the reasonable inference that any defendant responded to Wabashaw's filing of a grievance in *March of 2014* by placing him in protective custody in *July of 2014*. Accordingly, the court finds Wabashaw has failed to state a retaliation claim upon which relief may be granted against Capps and Halley for their actions in placing him in protective custody. Separately, to the extent Wabashaw complains he is being held in protective custody against his will, he has not alleged facts suggesting he suffered the kind of "atypical and significant" hardship that would trigger the protection of the Due Process Clause *See Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmates have "no liberty interest in a particular classification"). In addition, his allegations reflect he was notified of the prison's decision to place him in protective custody and he was given the opportunity to appeal the decision. *See Griggs v. Norris*, 297 Fed App'x 553, 555 (8th Cir. 2008) (concluding due process requirements met where inmate was given notice of his classification placement, reasons for his placement, and an opportunity to appeal the decision).

**B.     Failure to Protect**

4

The second question the court will consider is whether Wabashaw sufficiently alleged an Eighth Amendment failure-to-protect claim in his Amended Complaint. The Eighth Amendment imposes a duty on prison officials "'to protect prisoners from violence at the hands of other prisoners.'" *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another" translates "into constitutional liability for prison officials." *Id.* Rather, "[t]he duty to protect requires only that prison officials take reasonable measures to abate substantial risks of serious harm, *of which the officials are aware*." *Id.* (internal quotation marks omitted) (emphasis added). Therefore, a constitutional violation exists only if two factors are established: (1) "an objectively serious deprivation," and (2) "a subjectively culpable state of mind" on the part of prison officials. *Id.*

Wabashaw alleged in the Amended Complaint that an inmate from a different housing unit bypassed "two secured doors, a control room officer, [and] pod caseworkers undetected" and assaulted Wabashaw. (Filing No. 10 at CM/ECF p. 5.) Wabashaw alleged Defendant Horn was in charge of controlling the pod doors at the time of the assault, and Defendants Stranberg and Zweig "were in charge of unit pod floor operations" at the time of the assault. (*Id.* at CM/ECF p. 6.) Wabashaw generally alleged conditions of overcrowding within the prison led to his assailant's ability to bypass doors to assault Wabashaw.

Wabashaw's allegations are insufficient to state a claim against Stranberg, Zweig, and Horn because there are no facts from which an inference could be made that they *knew* of, and responded unreasonably to, a substantial risk of serious harm from another inmate. Essentially, Wabashaw alleged only that these individuals were *in charge* at the relevant time, not that they knew of, but disregarded, an excessive risk to him. In addition, Wabashaw's conclusory allegations of overcrowding are too vague and general to support a conclusion that overcrowding at the TSP led to his assault.

## C. Deliberate Indifference

The final question the court will consider is whether Wabashaw sufficiently alleged an Eighth Amendment deliberate-indifference claim in his Amended Complaint. A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A plaintiff must show "prison officials actually knew of but deliberately disregarded" the prisoner's objectively serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). To state a claim of inadequate medical treatment for purposes of § 1983, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106)). "The plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

Wabashaw alleged he suffered the following clearly-observable injuries as result of the assault: "fractured hand; broken left front tooth; light concussion; deep bruise to left-side of face; lower jaw; [and] chemical burns." (Filing No. 10 at CM/ECF p. 6.) He alleged Defendants Tremain, Theimann, and Lanlez ignored his "obvious physical injuries." (*Id.* at CM/ECF p. 8.) He also alleged he waited nine days to receive "adequate medical attention." (*Id.* at CM/ECF p. 6.)

Wabashaw did not set forth facts from which the inference could be made that Tremain, Theimann, and Lanlez knew Plaintiff had *serious* injuries and they failed to seek medical attention. Wabashaw did not, for example, allege he informed Tremain, Theimann, and Lanlez that he was in pain and needed medial attention. In addition, he did not allege facts suggesting his injuries were so obviously serious that a layperson would easily recognize the need for immediate medical attention. *See Jones*

6

*v. Minn. Dep't of Corr.*, 512 F.3d 478, 481-83 (8th Cir. 2008) (objectively serious medical need either is something diagnosed by physician as requiring treatment, or is so obvious that layperson would easily recognize need for doctor attention; injury is considered obvious where prisoner exhibited physical symptoms relating to known medical issues or complaints of pain; prison official's knowledge may be inferred by circumstantial evidence or fact that risk was obvious). Moreover, Wabashaw did not allege that he requested medical attention and his request was denied. Rather, he alleged that he did not receive what he considered to be "*adequate* medical attention" (emphasis added) until nine days following the assault. These allegations are insufficient to state an Eighth Amendment claim upon which relief may be granted.

**D.     State-Law Claims**

The court declines to exercise supplemental jurisdiction over any remaining state-law claims because it will dismiss all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that:

1.     Wabashaw's federal-law claims are dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e) and 1915A. Any remaining state-law claims are dismissed without prejudice.

2.     A separate judgment will be entered in accordance with this order.

DATED this 3rd day of August, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.